UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN-PHILBERT: RENAUD,<br><br>                    Plaintiff,<br><br>-against-<br><br>DONALD TRUMP; JOHN ROBERTS JR.; NANCY PELOSI; CHARLES GRASSLEY; WILLIAM BARR; UNITED STATES OF AMERICA,<br><br>                    Defendants. | 1:21-CV-1023 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated in the Green Haven Correctional Facility, filed this *pro se* action under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). He sues: (1) former President of the United States Donald Trump, (2) Chief Justice of the United States John Roberts Jr., (3) Speaker of the House of Representatives Nancy Pelosi, (4) United States Senator Charles Grassley, (5) former Attorney General of the United States William Barr, and (6) the United States of America. Plaintiff seeks damages, injunctive relief, and confirmation of an August 19, 2019 arbitration award.

By order dated May 25, 2021, the court granted Plaintiff's request to proceed without prepayment of fees, also known as, *in forma pauperis*.[1] For the reasons set forth below, the Court dismisses this action.

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed *in forma pauperis* ("IFP"). *See* 28 U.S.C. § 1915(b)(1).

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that a "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

**BACKGROUND**

Plaintiff is a convicted state prisoner. In his 580-page complaint, which is not a model of clarity, Plaintiff sues high-ranking federal officials and seeks damages, injunctive relief, and confirmation of an August 19, 2019 arbitration award issued by the SITCOMM Arbitration Association.[2] Plaintiff alleges that:

---

[2] Under Rule 5.2 of the Federal Rules of Civil Procedure, a court submission may not reveal a complete Social Security number, date of birth, name of a minor child, or financial-

> [t]he claims of the agreed to wrongful acts are within the 573 Proof of Claims within the CAFV, that were duly served upon the aforementioned defendant(s) on 12/3/2019 whereby their failure and or refusal to respond and provide the requested and necessary Proof of Claims shall be held and noted as agreed to by all parties, that a general response, a nonspecific response, or a failure to respond with specificities and facts and conclusions of common law, and/or to provide the requested information and documentation that is necessary in support of the agreement shall constitute a failure and a deliberate and intentional refusal to respond and as a result thereby and/or therein, expressing the defaulting party's consent and agreement to said facts and as a result of the executing agreement, the following is contingent upon their failure to respond in good faith, with specificity, with facts and conclusions of common-law to each and every averment, condition, and/or claim raised; as they operate in favor of the Claimant through "tacit acquiescence."

(ECF 2, at 6.)

Plaintiff also alleges that on or about December 18, 2018, he and the "Respondent(s) entered into a written, self-executing, binding, irrevocable, contractual agreement coupled with interests, for the complete resolution of their misconvictions [sic] and other conflicts respecting their previous relationship." (*Id.* at 7.) He seems to allege that to resolve these disputes, he sought arbitration from the SITCOMM Arbitration Association, which issued an award in his favor on August 19, 2019.

> Plaintiff asserts that in accordance with that arbitration award:
>
> it is hereby claimed that upon the release of [Plaintiff] from false imprisonment, that punitive damages in the amount of $5,840,000,000 for ten (10) years of false imprisonment, (wherein damages set at $25,000 per 23 minutes for false imprisonment case), be added to the return of the cestui que vie trust(s) et cetera,

---

account number; it may only refer to the last four digits of the Social Security number, the birth year, the minor's initials, or the last four digits of the financial-account number. *See* Fed. R. Civ. P. 5.2(a)(1)-(4). A litigant waives the protection of this rule if he reveals his own information. *See* Fed. R. Civ. P. 5.2(h). Because Plaintiff reveals in his complaint the complete Social Security numbers, dates of birth, and financial account numbers of other persons, and also reveals the complete name of at least one minor child, the Court has directed the Clerk of Court to restrict electronic access to the complaint to a "case participant-only" basis.

3

upon Notice from [Plaintiff] with the Trust Account Number, where a total of all trust(s), estate(s) et cetera shall be transferred upon notice of the same.

(*Id.* at 7.)[3]

Plaintiff further seeks, among other things: (1) his immediate release, and the immediate release of members of his immediate family, from any correctional institution; (2) the dismissal of all legal actions brought against him; (3) "[a] permanent injunction against [the federal government, state governments, and local governments] prohibiting any and all interactions"; (4) the return of any property seized by any government entity; (5) the destruction of any government records mentioning Plaintiff, and a ban on any government entity's creation of any future record mentioning him without his permission; (6) his immunity from future civil suit or criminal prosecution; and (7) exemption from paying all taxes. (*Id.* at 8-11.)

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006), Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court

---

[3] Plaintiff has attached to his complaint a copy of what appears to be an August 19, 2019 arbitration award issued in Athens, Georgia, by an arbitrator named Keisha Jones, of the SITCOMM Arbitration Association; this award supposedly resolved a dispute between a person named Phillip Hudok, of Huttonsville, West Virginia, and the defendants named in this action. (ECF 2-2, at 74-93.) The arbitrator awarded Hudok "0.00 U.S. Dollars in total per Respondent(s) for failure to state a claim in which relief can be granted [sic]." (*Id.* at 88.)

declines to grant Plaintiff leave to amend and dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).[4]

## CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: June 7, 2021
        New York, New York

                                                      /s/ Laura Taylor Swain
                                                      LAURA TAYLOR SWAIN
                                                  Chief United States District Judge

---

[4] This is not the first time that the court has dismissed as frivolous Plaintiff's claims arising from the August 19, 2019 arbitration award. *See Renaud v. Trump*, No. 20-CV-9248, 2021 WL 293570 (S.D.N.Y. Jan. 28, 2021) (McMahon, D.J.) (notice of appeal received Apr. 7, 2021). In the order dismissing Plaintiff's previous action, Judge McMahon noted that "Plaintiff relies on a purported arbitration award from the Sitcomm Arbitration Association, an organization that many courts have described as invalid." *Id.* at *1 n.1 (collecting cases).